**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **SHAWN ALLEN HAMILTON, ET AL.,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | |
| | § | **NO. 1:12-CV-00388** |
| **A & L INDUSTRIAL SERVICES, INC., ET AL.,** | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

**EXHIBIT A**
**TO DEFENDANT S & B ENGINEERS AND CONSTRUCTORS, LTD.'S MOTION TO SEVER**

Dated: December 11, 2012.

Respectfully submitted,

/s/ Linda Ottinger Headley
**Linda Ottinger Headley (Lead Attorney)**
State Bar No. 15344600
lheadley@littler.com
**Danielle K. Herring**
State Bar No. 24041281
dherring@littler.com
**Elizabeth L. Bolt**
State Bar No. 24059470
ebolt@littler.com

**LITTLER MENDELSON, P.C.**
**A PROFESSIONAL CORPORATION**
1301 McKinney Street, Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)

**ATTORNEYS FOR DEFENDANT S & B ENGINEERS AND CONSTRUCTORS, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel of record by electronic notification on this 11th day of December 2012, addressed as follows:

John Werner
REAUD, MORGAN & QUINN, LLP
P.O. Box 26005
Beaumont, Texas 77720-6005

**ATTORNEYS FOR PLAINTIFFS**

William Jackson Wisdom
Ethan Dennis Carlyle
MARTIN DISIERE JEFFERSON & WISDOM
808 Travis, 20th Floor
Houston, Texas 77002

**ATTORNEYS FOR DEFENDANT A & L INDUSTRIAL SERVICES, INC.**

Charles Larry Carbo, III
William Otis Grimsinger
CHAMBERLAIN HRDLICKA WHITE WILLIAMS & AUGHTRY
1200 Smith Street, Suite 1400
Houston, Texas 77002

**ATTORNEYS FOR DEFENDANT AXION LOGISTICS, LLC**

Andrew S. Hament
FORD & HARRISON LLP
1901 S. Harbor City Blvd., Suite 501
Melbourne, Florida 32901

Chelsie J. Flynn
300 S. Orange Avenue, Suite 1300
Orlando, Florida 32801

Daniel N. Ramirez
MONTY & RAMIREZ,LLP
150 West Parker Road, Third Floor
Houston, Texas 77076

**ATTORNEYS FOR DEFENDANT BAKER CONCRETE CONSTRUCTION, INC.**

Fritz Barham Lewis, Jr.
OGLETREE DEAKINS NASH SMOAK & STEWART
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709

**ATTORNEYS FOR DEFENDANT BRAND ENERGY AND INFRASTRUCTURE SERVICES, INC., PCL INDUSTRIAL CONSTRUCTION COMPANY, AND PORT ARTHUR LOGISTICS, LLC**

G. Mark Jodon
Sarah B. Morton
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010

**ATTORNEYS FOR DEFENDANT BROCK SERVICES LLC**

James M. Cleary, Jr.
Ethan Dennis Carlyle
Jeffrey M. McPhaul
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, 20th Floor
Houston, Texas 77002

**ATTORNEYS FOR DEFENDANT CAR-BER TESTING TEXAS, LLC**

Walter Umphrey
Darren L. Brown
Mark Sparks
PROVOST UMPHREY LAW FIRM, LLP
P. O. Box 4905
Beaumont, Texas 77704-4905

**ATTORNEYS FOR DEFENDANT ECONOMY INSULATION CO., INC.**

Patricia J. Hill
Yash B. Dave
SMITH, GAMBRELL, AND RUSSELL LLP
50 N. Laura Street, Suite 2600
Jacksonville, Florida 32202

**ATTORNEYS FOR DEFENDANT EMPIRE SCAFFOLD, LLC**

Stephen Craig Wilcox
ADAMS & REESE
1221 McKinney, Suite 4400
One Houston Center
Houston, Texas 77010

Lauren Lopresto Tafaro
Leslie A. Lanusse
ADAMS & REESE
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139

**ATTORNEYS FOR DEFENDANT INSULATIONS, INC.**

Curtis D. Herms, Jr.
Ryan S. Thorson
VAHRENWALD, JOHNSON & MCMAHILL, LLC
125 S. Howes, Suite 1100
Fort Collins, Colorado 80521

**ATTORNEYS FOR DEFENDANT INTEGRATED ELECTRICAL SERVICES, INC.**

Wyatt D. Snider
Russell W. Heald
Justin G. Sanderson
SNIDER LAW FIRM, PLC
Delaware Office Plaza
3560 Delaware Street, Suite 308
Beaumont, Texas 77706

**ATTORNEYS FOR DEFENDANT KT MAINTENANCE COMPANY, INC.**

James E. Wimberley
MCPHERSON, HUGHES, BRADLEY, WIMBERLEY, STEELE & CHATELAIN
3120 Central Mall Drive
Port Arthur, Texas 77642

**ATTORNEYS FOR DEFENDANT ORBITAL INSULATION CORP.**

Murphy J. Foster, III
Melissa Morse Shirley
BREAZEALE, SACHSE & WILSON LLP
One American Place, 23rd Floor
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197

Rachel M Hoffer
Timothy Mitchell Watson
SEYFARTH SHAW, LLP
700 Louisiana Street, Suite 3700
Houston, TX 77002

**ATTORNEYS FOR DEFENDANT PERFORMANCE CONTRACTORS, INC.**

Bertrand C. Moser
2415 Robinhood
Houston, Texas 77005

**ATTORNEYS FOR DEFENDANT TECON SERVICES, INC.**

Grant D. Petersen
Kathleen A. Liever
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
100 N. Tampa St., Suite 3600
Tampa, Florida 33602

**ATTORNEYS FOR DEFENDANT TRACER INDUSTRIES MANAGEMENT CO., INC.**

Don Lighty
STEVENS BALDO FREEMAN & LIGHTY, L.L.P.
550 Fannin Street, Suite 700
Beaumont, Texas 77701

**ATTORNEY FOR DEFENDANT TURNER INDUSTRIES GROUP, L.L.C.**

*/s/ Elizabeth L. Bolt*
Elizabeth L. Bolt

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

JERRETT RAY ARMSTRONG, ET AL | DOCKET 1:12CV228

VS. | AUGUST 23, 2012

| 11:30 A.M.

A&L INDUSTRIAL SERVICES, INC., ET AL | BEAUMONT, TEXAS

---

VOLUME 1 OF 1, PAGES 1 THROUGH 48

REPORTER'S TRANSCRIPT OF CASE MANAGEMENT CONFERENCE

BEFORE THE HONORABLE RON CLARK
UNITED STATES DISTRICT JUDGE

---

APPEARANCES:

FOR THE PLAINTIFFS: JOHN GERARD WERNER
REAUD, MORGAN & QUINN
801 LAUREL STREET
BEAUMONT, TEXAS 77701

FOR THE DEFENDANTS A&L INDUSTRIAL SERVICES, INC. AND CAR-BER TESTING TEXAS, LLC:

JAMES MICHAEL CLEARY, JR.
MARTIN DISIERE JEFFERSON & WISDOM
808 TRAVIS
SUITE 1800
HOUSTON, TEXAS 77002

FOR THE DEFENDANT EMPIRE SCAFFOLD, LLC:

PATRICIA JEANNE HILL
SMITH GAMBRELL & RUSSELL
50 NORTH LAURA STREET
SUITE 2600
JACKSONVILLE, FLORIDA 32202

FOR THE DEFENDANT KTMC TURNAROUND GROUP:

RUSSELL W. HEALD
SNIDER LAW FIRM
3560 DELAWARE STREET
SUITE 308
BEAUMONT, TEXAS 77706

FOR THE DEFENDANT GP INDUSTRIAL CONTRACTORS:

CARL A. PARKER
THE PARKER LAW FIRM
106 EAST SIXTH STREET
SUITE 900
AUSTIN, TEXAS 78701

FOR THE DEFENDANT PERFORMANCE CONTRACTORS, INC.:

MURPHY J. FOSTER, III
BREAZEALE SACHSE & WILSON
23RD FLOOR, ONE AMERICAN PLACE
POST OFFICE BOX 3197
BATON ROUGE, LOUISIANA 70821

FOR THE DEFENDANT RMF NOOTER, INC.:

VINCENT D. REESE
LEWIS RICE & FINGERSH
600 WASHINGTON AVENUE
SUITE 2500
ST. LOUIS, MISSOURI 63101

STEPHEN W. SCHUELER
WINSTEAD PC
1100 JPMORGAN CHASE TOWER
600 TRAVIS STREET
HOUSTON, TEXAS 77002

FOR THE DEFENDANT S&B ENGINEERS AND CONSTRUCTORS, LTD.:

LINDA O. HEADLEY
DANIELLE K. HERRING
LITTLER MENDELSON - HOUSTON
1301 MCKINNEY STREET
SUITE 1900
HOUSTON, TEXAS 77010

FOR THE DEFENDANT TOTAL INDUSTRIAL PLANT SERVICES, INC.:

DANIEL EDWARD MABRY
STRONG PIPKIN BISSELL & LEDYARD
595 ORLEANS
1400 SAN JACINTO BUILDING
BEAUMONT, TEXAS 77701

FOR THE DEFENDANT TRACER INDUSTRIES MANAGEMENT CO., INC.:

GRANT D. PETERSEN
OGLETREE DEAKINS NASH
SMOAK & STEWART
100 N. TAMPA STREET
SUITE 3600
TAMPA, FLORIDA 33602

FOR THE DEFENDANT TURNER INDUSTRIES GROUP, LLC:

DONALD FRANCIS LIGHTY
STEVENS BALDO FREEMAN & LIGHTY
550 FANNIN
SUITE 700
BEAUMONT, TEXAS 77701

COURT REPORTER: CHRISTINA L. BICKHAM, CRR, RMR
FEDERAL OFFICIAL REPORTER
300 WILLOW, SUITE 221
BEAUMONT, TEXAS 77701

PROCEEDINGS REPORTED USING COMPUTERIZED STENOTYPE; TRANSCRIPT PRODUCED VIA COMPUTER-AIDED TRANSCRIPTION.

(REPORTER'S NOTES 8-23-2012\ARMSTRONG CMC, 11:30 A.M., THURSDAY, AUGUST 23, 2012, BEAUMONT, TEXAS, HON. RON CLARK PRESIDING.)

(OPEN COURT, JURY PRESENT.)

THE COURT: All right. I'll call *Jerrett Ray Armstrong, et al* versus A&L Industrial Services, Inc., *et al*, Number 1:12cv228.

Who is here for plaintiff?

MR. WERNER: John Werner is here, your Honor.

THE COURT: Okay. And then for defendants, I think the easier thing for me to do is to state the name; and if you'll just tell me who you're representing.

Mr. James Cleary?

MR. CLEARY: Your Honor, I represent A&L Industrial Services and Car-Ber Testing.

THE COURT: Okay. And then Mr. Reese?

MR. REESE: Your Honor, I represent RMF Nooter Corporation.

THE COURT: I'm sorry?

MR. REESE: RMF Nooter.

THE COURT: Oh, RMF. Okay.

And then Mr. Schueler?

MR. SCHUELER: I also represent RMF Nooter Corporation.

THE COURT: And Mr. Petersen?

agreement in place.

THE COURT: Okay. That takes care of the "ride on the bus" set of claims.

The other ones seem to be such things as, which I found a little unusual, calisthenics -- I have read about that as a Japanese work process and it seems to work very well over there and somebody in Tennessee was experimenting with it when they brought in one of the Toyota plants -- but also safety meetings and maybe some other things. What is it about those that would justify bringing all these together?

MR. WERNER: And additionally there are activities that took place on the bus, for instance, sometimes safety meetings. But I think the court has it right. Generally they all fall into the category of work activities that took place before what was the sort of designated 7:00 time. Everyone started at 7:00. That's when everyone started to get paid. The question is when did they really start working.

You know, your Honor certainly has the discretion on how to conduct the discovery, certainly how to conduct the trial. I had thought that it would be economical for the litigants and for the court to try to do as much as we could together and then if when it came to trial there was a necessity to split it up or have

several trials, to do it that way. One of the defendants and then two and then three and four and five have now started filing successive motions saying they want to have it separately.

I'm going to do what the court says to do and sort of with this tolling agreement. I can certainly accommodate them. If they want to have 12 different chopped up lawsuits and if the court thinks that's more efficient for the court, there is no reason we can't do it that way. I just thought it was more convenient to have a single cause number with all the parties together. If one defendant thinks, you know, this particular witness or this particular document is not germane to me, then...

THE COURT: Well, I guess some of the issues are -- I mean, it's one thing if, for example, the evidence is that everybody shows up before their assigned work time and they all go to -- or are required to go to the Motiva safety briefing; and, so, every worker of every one of these defendants shows up and must spend, before they start getting paid, 30 minutes going to a safety briefing and 30 minutes of calisthenics. It's difficult to imagine American workers allowing that. But I haven't been around a refinery for years myself; so, maybe that's the current way of doing it. That would be

one thing because then they would all be there together.

If it's Defendant 1 has its people show up at whatever time and another defendant's is at lunchtime and then another defendant is having them do something else, then it doesn't make as much sense to try to have the jury pick through all of those on one at a time. That's what I'm trying to get at.

But I'm hearing from you that no, it is not your information that when they showed up from the bus because of, as in the bus ride, some Motiva regulation says they must all come over for 15 minutes of safety briefing and then another 15 minutes of calisthenics and then another 15 minutes of dressing in proper clothes and then finally they get paid. I mean, it's not a Motiva thing; it's going to depend on each of the contractors' or subcontractors' or companies' individual policies?

MR. WERNER: As I understand it, there were occasional what I'll call just "Motiva" or really "general contractors" -- the general contractor as a joint venture between Bechtel and Jacobs. And while there were occasionally some times that a meeting was held what I'll call "across contractors," as I understand it, it was not frequent.

And again, your Honor, I'm not -- if the court is inclined to grant the motions to sever, I don't want

to --

THE COURT: Okay.

MR. WERNER: -- fight you on it. That's fine.

THE COURT: Well, it's not a fight. It's just I need to figure out what the best way to do it is and how different or disparate the various cases will be.

All right. Let me ask on the defense side because this is akin to the same issue we're running into in this district in many of the patent cases we're having. I don't know how many of you follow that, but this comes up a lot especially with the new America Invents Act. And the trend has been to keep the cases together through preliminary discovery and motions because the issues are the same and then sever them out for trial or try them separately, because there seems to be some economies of scale especially at the early part of the case, and then start moving them apart especially for trial itself.

So, let me start off with Performance Contractors, Inc., since your motion to sever is on top of the ones I've got here. Tell me why that might not be feasible. It's something we're having an experience with in, like I say, other complex cases.

MR. FOSTER: Well, judge, if we're not talking about bussing, if we put the bussing issue aside, I think

you're going to find that the fact scenarios alleged versus what happened is going to vary contractor to contractor. Everybody is going to have different foremen and supervisors who are going to be directing different employees who are going to have spent a different degree of tenure at this particular plant.

A number of the plaintiffs -- and presumably for the others but certainly for us -- never set foot on Motiva property, a number of those plaintiffs. There's just a lot of differences. There may be a way if the bussing issue were included; but as I appreciate it, the bussing issue is going to be in this case as well pretty much be remitted pending the Fifth Circuit's decision.

So, maybe one way to do it is to start -- is to grant the severance and start dealing with each particular case as they may be. I think severance is proper. I think it's incredibly unwieldy. There is so --

THE COURT: Well, I mean, counsel doesn't seem to disagree with you on severance is proper. What I'm now looking at is the most efficient way of dealing with pretrial and then trial, and that's -- it's just in the last few months all the patent judges of this district -- and we handle a fair number of the patent cases in the country here -- are dealing with this same kind of an

MS. HEADLEY: You know, your Honor, I'm --

THE COURT: You can't have your cake and eat it, too, is what I'm saying.

MS. HEADLEY: I understand. I just think the plaintiff has a higher burden than he's meeting.

THE COURT: Higher burden than what?

MS. HEADLEY: To establish the need for this when he's got separate claims and separate claimants.

THE COURT: Well, we're not talking about total severance at this point. We're talking about early-on discovery, and I've already told you that it appears -- and Mr. Werner seems to agree -- severance is appropriate. And I can't see many cases where I would be requiring two defendants to try the case together. But how do we deal with this question of -- and I don't know exactly how the jobsite works; but if there is depositions being taken of people on the jobsite at the same time your people are there -- it's kind of like an employment case. Who knows who's -- you know, when Sue is complaining that Bob sexually harassed her and, you know, Sarah was upstairs looking down watching this horrible situation, well, Sarah is a witness. Now, Sarah may have actually been a vendor, not part of the employees. Her deposition can be taken.

I mean, I can't imagine that you're going to